LEHIGH VALLEY COAL Co. *v.* HAMBLEN and others.

*(District Court, N. D. Illinois.* March 9, 1885.)

1. TRADE NAME—FOREIGN CORPORATION—CORPORATION ASSUMING SAME NAME—INJUNCTION.

A United States circuit court cannot interfere by injunction, at the instance of a corporation organized under the laws of another state, and prevent any necessary step from being taken, under the statute of the state in which such court is located, in the creation of a corporation bearing the same name as the foreign corporation.

2. SAME—RELIEF, WHEN GRANTED.

Whether relief could be granted after the creation of the corporation, and use of the name of the foreign corporation in fraud of its rights, is not determined.

In Equity.

*F. Ullmann*, for complainant.

*Beck & Roberts*, for defendants.

GRESHAM, J. The complainant company was organized under the laws of Pennsylvania, in 1875, for the purpose of mining anthracite coal in that state, and selling the same there and elsewhere. It owns valuable coal mines in Pennsylvania, and does a large and lucrative business. For a number of years it has had an extensive and profitable business in the west and north-west; and for convenience in the management of that business it has maintained an agency at Chicago, where it owns real estate, including a dock worth $200,000, and has on hand coal worth $400,000. The defendants in this suit, wishing to create a corporation in Illinois bearing the same name as the complainant, to carry on the same business, filed their articles of association with the secretary of state on the twenty-sixth of December, 1884, under the general laws of Illinois authorizing the creation of corporations. The secretary of state thereupon issued to the defendants a license as commissioners to open books for subscription to the capital stock of the new corporation, to be known as the Lehigh Valley Coal Company. This suit was brought to prevent the defendants, by injunction, from receiving stock subscriptions, or taking any other steps necessary to be taken under the statute, in the creation of the new corporation.

The object of the defendants in causing an Illinois corporation to be created, bearing the same name as the complainant company, is obvious. They hope, by this means, to secure the benefit of part, at least, of the patronage which the complainant has acquired. Unwilling to engage in open, manly competition with the complainant and others carrying on the same business, the defendants resort to a trick or scheme whereby they hope to deceive the public, and obtain an unfair advantage of the complainant. Such conduct might be fairly characterized more harshly; and it is with extreme reluctance that I deny the complainant the relief prayed for.

The complainant is a foreign corporation, and it is only by comity

that it is doing business in Illinois at all. The state can say to it any day, "Go!" and it must go. That being so, I do not see that the complainant has a legal right to say a corporation shall not be created in Illinois bearing its (the complainant's) name. If the state of Illinois may create a corporation bearing the same name as the complainant,—and it certainly can,—this court has no right by injunction to prevent anything from being done under the state law which is necessary in the creation of such a corporation. The commissioners perform a function under the laws of the state in the formation of the corporation. If they are not officers of the state they are instrumentalities employed by the state. If they can be enjoined from receiving stock subscriptions under the license issued to them by the secretary of state, I do not see why the latter might not be enjoined from issuing a license, or doing anything else under the state statute. The general law authorizing the secretary of state to issue a license to commissioners to receive stock subscriptions provides that no license shall be issued to two or more companies having the same name. Before bringing this suit the complainant should have brought to the attention of the secretary of state the matters alleged in the bill. He might, on a proper application, have revoked the license to the defendants, unless they adopted another name for their company. I do not think this court can interfere by injunction, at the instance of a foreign corporation, and prevent any necessary step from being taken under the statute of this state in the creation of a corporation.

I do not say what may be done if the defendants succeed in creating their corporation bearing the complainant's name, and a suit shall be brought by the complainant to prevent individuals claiming to be officers or managers of such corporation from interfering with the complainant's business, as already stated.

The temporary injunction heretofore granted is dissolved, and the bill is dismissed.