## The German Hanoverian and Oldenberg Coach Horse Association of America

### v.

## The Oldenberg Coach Horse Association of America.

*Injunctions—Corporations—Right to Keep " Stud Book."*

Upon a bill filed to restrain the defendant association from using its corporate name upon the ground that it confused the public as to the authenticity of the pedigree of a certain breed of horses and injured the complainant, the right of defendant to keep a " stud book" of such breed being involved, this court holds, in view of the fact that the defendant is the older corporation, that the decree in its favor can not be disturbed.

[Opinion filed October 28, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Loren C. Collins, Judge, presiding.

Messrs. Black & Goodwin and Payson & Orebaugh, for appellant.

Messrs. Dent & Whitman and C. E. Stubbs, for appellee.

Mr. Justice Gary. Under these sonorous names the parties are litigating the right of the appellee to keep a " stud book " for the registration therein of, and certifying therefrom, the pedigrees of German coach horses.

Many, if not all, of the individuals composing both associations, commenced proceedings for the formation of a corporation under the title of the appellant in 1889, but the proceedings were not followed up by any actual incorporation. The parties themselves, however, went on doing business in that name as if in fact incorporated.

On the 15th of January, 1892, the appellee was incorporated, and on the 5th of February, 1892, the appellant likewise. More of the persons interested in 1889 are in the appellant, than in the appellee corporation.

The appellant filed its bill to restrain the appellee from using its corporate name upon the ground that it confused the public as to the authenticity of the pedigree of the German coach horse and injures the appellant. The claim of the appellant is that by the acts of the parties under the corporate name of the appellant, it has acquired large and increasingly valuable interests, and has the right to use and enjoy that name without hindrance or interference, either by direct assumption or fraudulent imitation by another corporation.

We thought, in Hazelton v. Hazelton, 37 Ill. App. 310, that this court had no jurisdiction where the right of a corporation to use its own name in business was in controversy on the ground that a franchise was involved, but in the same case, 28 N. E. Rep. 248, the Supreme Court reversed our judgment. We then considered the case upon its merits (40 Ill. App. 430). In affirming our last judgment, the Supreme Court in 30 N. E. Rep. 339 say: "They not being incorporated, their assumption and use of such corporate name, in this State at least, was in direct violation of law; and the courts of this State will refuse to enforce or give efficacy to rights claimed to have been acquired by means of such illegal acts."

That principle applies here. The appellee is the older corporation, and nothing done by individuals in the name now borne by the appellant before it was incorporated, adds to its rights.

The demurrer to the bill was rightly sustained, and the decree is affirmed.                    *Decree affirmed.*