# Van Auken Company v. Van Auken Steam Specialty Company.

1. TRADE NAMES—*Right to the Use Of.*—The outgoing stockholders of a corporation, the most distinguishing part of whose names the corporation bears, have no right to compete in business with that corpo-

ration under a corporate name so nearly like the first as to mislead customers.

**Memorandum.**—In equity. Bill for injunction. Appeal from a decree rendered by the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Submitted at the October term, 1894, and affirmed. Opinion filed January 10, 1895.

N. H. HANCHETTE and AMBROSE A. WORSLEY, attorneys for appellant.

APPELLEE'S BRIEF, PENCE & CARPENTER, ATTORNEYS.

The right to be protected in the use of a trade name is not new to the courts. Croft v. Day, 7 Beavan, 84; Knott v. Morgan, 2 Keen 213; Levy v. Walker, 39 L. T. Rep., N. S., 656; Guardian Fire Insurance Co. Case, 50 L. J. 253; Singer Mfg. Co. v. Wilson, 38 L. T. Rep., N. S., 303; The Newby Case, Deady, 609; McLean v. Flemming, 90 U. S. 245; Gray v. Taper Sleeve Pulley Works, 16 Fed. Rep. 436; Holmes v. Holmes, 37 Conn. 278; Partridge v. Menck, 2 Barb. Ch. 102; Vulcan v. Myers, 138 N. Y. 365; Merchants Detective Association v. The Detective Mercantile Agency, 25 Ill. App. 250; 1 Blackstone's Com. 475; High on Injunctions, Sec. 687; Taylor on Corporations, Sec. 158.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In December, 1890, the appellee was, under the law of the State, organized as a corporation by the name it bears. The name of Van Auken was that of one of its promoters and stockholders, who was an inventor of devices in which, among other things, the appellee dealt, and the assignor to the appellee of some patents on such devices.

Dissensions arose, and the inventor and his brother, also named Van Auken, sold their stock and left the service of the corporation, leaving no Van Auken connected with it.

Thereafter in December, 1895, the inventor, with two other men, not of his name, organized under the law of the State the appellant, as a corporation, by the name it bears;

and thereupon the two corporations became, and continued to be, competitors in trade.

Whether the secretary of state ought, under sections 2 and 50, Ch. 32, R. S., Corporations, to have granted a license for the appellant to use a name so nearly like that of the appellee, is not a question on this bill. Probably the only cure, if one be needed, is by *scire facias* by the State to repeal the charter.

The appellee filed a bill in chancery alleging much misdoing by the appellant, and has obtained a decree which in effect prevents the appellant from using its own name in dealing in goods in which the appellee also deals.

In Hazelton Boiler Co. v. Hazelton Tripod Boiler Co., 37 Ill. App. 310, we thought an appeal from such a decree involved a franchise, and we dismissed the appeal, but the Supreme Court held that a franchise was not involved. 137 Ill. 231. We then considered the case on its merits, 40 Ill. App. 430, and our decisien was affirmed in 142 Ill. 494.

The stock of learning upon the subject of trade names, accessible to the profession, is already pretty large. This court has collected a good deal of it in Merchants Detective Ass'n v. Detective Mercantile Agency, 25 Ill. App. 250, and we shall not repeat further than to say that we adopt and follow the principle of Holmes, Booth & Haydens v. Holmes, Booth & Atwood Manf. Co., 37 Conn. 278, that outgoing stockholders of a corporation, the most distinguishing part of whose name is the names of such stockholders, have no right to compete in business with that corporation, under a new corporate name so nearly like the first, as to mislead customers. The principle applies with equal, if not greater, force, where the name of but one individual is the most prominent part of both names, and more especially where that individual name is an unusual one. In ordinary speech, of either company only Van Auken would be spoken, as we say of railroads, the Alton, the Burlington, the Rock Island.

The tendency in this case to confuse and mislead by the resemblance or similarity of the two names is so obvious

that no multiplication of words could make it clearer, and upon that mere tendency, without reference to any question of fraud which the parties have argued, we are of opinion that the decree should be affirmed, which is accordingly done.