PEOPLE, *ex rel.* HOME LIFE INSURANCE CO., *v.* HOME LIFE ASSURANCE CO.

FOREIGN CORPORATIONS—SIMILARITY OF NAMES.

A foreign corporation doing business in Michigan in conformity to the laws of the State is not an organization of this State, within the meaning of 3 How. Stat. § 3960*d*3, forbidding corporations organized in this State from taking any name so closely resembling the name used by "any other organization of this State". as to mislead the public as to its identity.

Petition by the Home Life Insurance Company for leave to file an information in the nature of *quo warranto* against the Home Life Assurance Company. Submitted November 10, 1896. Denied January 5, 1897.

*James Swan*, for relator.

*John W. McGrath*, for respondent.

GRANT, J. The relator is a foreign corporation organized in the State of New York, and under the laws of that State. It has for some years been doing business in Michigan in conformity to the laws of this State, which permit foreign corporations to do business within its borders. The respondent is a new corporation, just organized by citizens of Michigan, and under its statute. The relator insists that the respondent is acting in violation of section 3960*d*3, 3 How. Stat., which provides that "corporations organized in this State shall not take any name in use by any other organization of this State, or so closely resembling such name as to mislead the public as to its identity." The relator has filed this petition asking leave to file an information in the nature of a *quo warranto* against the respondent for violating the above provision. Objection was made that the relator is not

entitled to file such information, because it is not "a corporation of this State," within the meaning of the law.

The contention must be sustained. The relator is a foreign corporation. Its domicile is in another State. By comity alone it is permitted to do business in this State. This State may at any time say to it, "Go!" and it must go. It may at any time voluntarily withdraw from the State. *Lehigh Valley Coal Co.* v. *Hamblen,* 23 Fed. 225. 1 How. Stat. § 2, provides that "all words and phrases shall be construed and understood according to the common and approved usage of the language." The term "corporation of this State," used in the statute, means a corporation organized under the laws of this State, and not a foreign corporation, which may at any time remove from the State, or, by the action of the proper state authorities, be compelled to go.

It follows that the petition must be denied.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred. MOORE, J., did not sit.