CONTINENTAL INS. CO. v. CONTINENTAL FIRE ASS'N.

(Circuit Court of Appeals. Fifth Circuit.    April 10, 1900.)

No. 880.

1. TRADE-NAMES—NAME OF CORPORATION—SUIT BY FOREIGN CORPORATION.
   A foreign corporation, doing business in a state only by license, has no standing in a court of equity to question the right of a corporation of the state to do business therein under the name by which it was chartered, on the ground that such name is similar to its own, and that it has an exclusive right to its use.

2. SAME—GEOGRAPHICAL TERMS—"CONTINENTAL."
   The Continental Insurance Company, a corporation of New York, has no exclusive right to the use of the word "Continental" in the name of an insurance company, and is not entitled to an injunction restraining another company from the use of such name, where there is no attempt to deceive the public as to the identity of the two companies, and no such deception in fact is shown.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

John L. Henry, for appellant.
Geo. W. Armstrong, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge.    This is an appeal from an interlocutory order refusing an injunction pendente lite to restrain the defendant from using the word "Continental" in its corporate name in transacting insurance business in the state of Texas.    96 Fed. 846.    The complainant, the Continental Insurance Company, is a corporation created under the laws of the state of New York, with its principal office and place of business in the city of New York, and is a stock company issuing fire policies for a fixed premium only, and advertises and describes itself in its literature and in its policies as the "Continental Insurance Company of the City of New York." The defendant, the Continental Fire Association, is a corporation created under the laws of Texas, with its principal office and place of business in the city of Ft. Worth, state of Texas, and is a mutual association, without capital stock, but with a guaranty fund, issuing fire insurance policies on the mutual plan only, and advertises and describes itself in its literature and in its policies as the "Continental Fire Association of Ft. Worth, Texas."    As under and in accordance with the laws of the state of Texas the defendant was incorporated under the specific name of the "Continental Fire Association" it has a prima facie right, certainly, under that name to carry on in the state of Texas the business for which it was incorporated; and it would seem that a foreign corporation, with no such franchise, and doing business in the state of Texas only by license, is without standing to question the right of the defendant to use in its business the name granted and authorized by the state of Texas. See Boston Rubber Shoe Co. v. Boston Rubber Co., 149 Mass. 436, 21 N. E. 875; Saunders v. Assurance Co. [1894] 1 Ch. 537.    In the

adjudged cases coming under our observation wherein it has been held or assumed that a court of equity can enjoin a corporation in the use of its corporate name, the controversy has generally been between corporations created by the same sovereign. See Holmes v. Manufacturing Co., 37 Conn. 278; Newby v. Railroad Co., 1 Deady, 609, Fed. Cas. No. 10,144; Van Auken Co. v. Van Auken Steam Specialty Co., 57 Ill. App. 240; Hygeia Water Ice Co. v. New York Hygeia Ice Co., 140 N. Y. 94, 35 N. E. 417; Tobacco Co. v. Randle, 114 Ill. 412, 2 N. E. 536; Plant Seed Co. v. Michel Plant & Seed Co., 37 Mo. App. 313; German Hanoverian & Oldenberg Coach Horse Ass'n of America v. Oldenberg Coach Horse Ass'n of America, 46 Ill. App. 281; Merchant Banking Co. of London v. Merchants' Joint-Stock Bank, 9 Ch. Div. 560. In Goodyear's India-Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U. S. 598, 9 Sup. Ct. 166, 32 L. Ed. 535, the alleged infringing corporation was a foreign corporation where the suit was brought. We have found no case in which a foreign corporation has been heard to complain of the corporate name given by the sovereign to a domestic corporation. In view of the fact that laches on the part of complainant in not acting more promptly in enjoining the incorporation of defendant company is herein suggested, the case of Coal Co. v. Hamblen (D. C.) 23 Fed. 225, is interesting. In that suit, Judge Gresham said:

"The complainant is a foreign corporation, and it is only by comity that it is doing business in Illinois at all. The state can say to it any day, 'Go!' and it must go. That being so, I do not see that the complainant has a legal right to say a corporation shall not be created in Illinois bearing its [the complainant's] name. If the state of Illinois may create a corporation bearing the same name as the complainant,—and it certainly can,—this court has no right by injunction to prevent anything from being done under the state law which is necessary in the creation of such a corporation."

However all this may be, if it is assumed that the corporate name of a business corporation is practically its trade-mark, and that equity will deal with it in a proper case on principles analogous to those governing the use of trade-marks, still the present record shows no case for equitable interference. Both companies do business in the state of Texas, mainly, if not entirely, through local agents, who are well informed as to the business, character, strength, and location of the insurance companies doing business in that territory, and they are little likely to be deceived in the names used by the different companies. While both companies do a fire insurance business in the same territory, they do business on different plans, and so decidedly different as to the cost and expense and risk of the assured that the slight similarity in name can have no appreciable effect in deceiving the public. The word "Continental" as a part of the defendant's corporate name has not deceived anybody, and was not adopted for the purpose of deceiving anybody. The, complainant presents some stereotyped affidavits of agents and employés to the effect that they "believe the name adopted by the defendant will have a direct tendency to mislead the customers, and those who may desire to become the customers, of plaintiff, and to injure its business, and cause it pecuniary loss, and greatly impair its prestige, popularity, and the good will which it has estab

lished for itself"; but we think these affidavits are of little worth, and, under all the facts presented in the record, we cannot hold that the use of the word "Continental" as a part of the defendant's corporate name will have any injurious effect upon the business of the complainant. We do not find that there has been, or is likely to be, any imposition upon the public, or any confusion in business transactions and correspondence, because the same word is a part of the name of each corporation, and both do business in the same territory. We think it clear that the transaction of fire insurance business by the defendant under its corporate name of the "Continental Fire Association of Ft. Worth, Texas," will only injure the business of the "Continental Insurance Company of the City of New York" in that competition shall be increased, and to the extent that the advertisement, circulars, and representations of the defendant company shall satisfy the public of the advantages of fire insurance on the mutual plan over fire insurance for fixed premiums; and all this, if damage at all, is damnum absque injuria. Further than this, we think that the word "Continental," a geographical adjective, meaning pertaining to or relating to a continent, is a word in common use, more or less descriptive of extent, region, and character, and, like the words "Columbian," "International," "East Indian," and some other geographical adjectives, it cannot be exclusively appropriated as a trade-mark or trade-name. See Mill Co. v. Alcorn, 150 U. S. 460, 466, 14 Sup. Ct. 151, 37 L. Ed. 1144. The learned judge in the court a qua filed an elaborate opinion, assigning reasons for refusing the injunction prayed for mainly on the lines we have followed. His order of refusal was correct and proper, and it is affirmed.