# IN RE HOPKINS.

TRADEMARKS; GEOGRAPHICAL AND DESCRIPTIVE TERMS.

1. The term "Oriental" is a geographical term, and a mark consisting of
   the words "Oriental Cream," associated with an eagle holding a scroll
   in its beak, is therefore prohibited from registration by sec. 5 of
   the trademark act of February 20, 1905.
2. The words "Oriental Cream," used in connection with a cosmetical
   lotion, not a cream, but of a creamy appearance, are descriptive,
   and not arbitrary, within the meaning of the trademark law.
   (Following Re American Circular Loom Co. 28 App. D. C. 450.)

No. 412.   Patent Appeals.   Submitted January 18, 1907.   Decided February
                            5, 1907.

HEARING on an appeal from a decision of the Commissioner
of.Patents rejecting an application for a trademark.

                                                Affirmed.

The facts are stated in the opinion.

Mr. Joseph L. Atkins for the appellant.

Mr. Fairfax Bayard for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

The applicant, Ferdinand T. Hopkins, appeals from a deci-
sion of the Commissioner of Patents refusing registration of a
trademark.   The original application was accompanied by a
label containing in large letters, across the top, the words "Ori-
ental Cream," under which follow the words "or Magical

Beautifier." It then proceeds to describe the article as the most elegant and delicate preparation for the skin, etc., etc., with other words indicating manufacturer, etc. Under the large words at the top, and about the middle of the label, is a figure resembling the eagle on the larger silver coins of the United States, which was described as "a fantastic winged figure." By amendment, the trademark was described by the words "Oriental Cream associated with an eagle holding a scroll in its beak."

The refusal to register was on the ground that the term "Oriental" is a geographical term, and therefore prohibited from registration by sec. 5 of the trademark act of February 20, 1905. The Commissioner said: "The 'Orient' is a term used to indicate the east, eastern countries, and, specifically, the regions to the east and southeast of the leading states of Europe. Century Dict. The term 'Oriental' is in general use in commerce to indicate goods that are manufactured in this region, as, for example, Oriental rugs. As applied to a cream it would indicate that the cream came from the Orient." In support of his conclusion he cites cases holding such terms as "Lackawanna" in connection with coal (*Delaware & H. Canal Co.* v. *Clark,* 13 Wall. 311, 20 L. ed. 581) ; "Columbia" (*Columbia Mill Co.* v. *Alcorn,* 150 U. S. 460, 37 L. ed. 1144, 14 Sup. Ct. Rep. 151) ; "Old Country" and "Our Country" (*Allen B. Wrisley Co.* v. *Iowa Soap Co.* 122 Fed. 796) ; "East Indian" in connection with "Remedy" (*Connell* v. *Reed,* 128 Mass. 477, 35 Am. Rep. 397), to be geographical, and not capable of appropriation as trademarks. See also *Continental Ins. Co.* v. *Continental Fire Asso.* 41 C. C. A. 326, 101 Fed. 255 (word "Continental") ; and *Koehler* v. *Sanders,* 122 N. Y. 65, 9 L.R.A. 576, 25 N. E. 235 (word "International").

The contention of the appellant that the words "Oriental Cream" are not descriptive, but arbitrary as applied to his product, which is not a cream, but a cosmetical lotion of a creamy appearance, is met by a recent decision of this court in which the question is fully considered. *Re American Circular Loom Co.* December 4, 1906, 28 App. D. C. 450.

The decision of the Commissioner of Patents is affirmed; and this decision will be certified to him as required by law.
*Affirmed.*