THE HYGEIA WATER ICE COMPANY, Appellant, *v.* THE NEW YORK HYGEIA ICE COMPANY (Limited), Respondent.

In an action to restrain defendant from the use of its corporate name, on the ground that it so closely resembled that of plaintiff as to be calculated to deceive the public, these facts appeared: Plaintiff was incorporated March 1, 1890, under the General Manufacturing Act (Chap. 40, Laws of 1848), with a capital of $5,000, but half of which was ever paid in, and it never actually engaged in any business. Defendant was incorporated under the Business Corporation Act (Chap. 611, Laws of 1875), April 1, 1890; its corporate name was selected in January, 1890; its capital was $300,000, all of which was paid in, and it commenced business immediately after its incorporation. The corporators had no knowledge of the use of the word "Hygeia" by any other ice company until after its business was in full operation. There was no finding or sufficient proof that any one was deceived by the use of the name. *Held*, that plaintiff had no absolute right to the aid of the equitable powers of the court, but it might be withheld in the exercise of a sound discretion; and that under the circumstances it was properly denied.

(Argued October 10, 1893; decided November 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 24, 1892, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Steele* for appellant. The form of action is appropriate. (Story's Equity [11th ed.], § 826; *Poppenhusen* v. *N. Y. G. P. Co.*, 4 Blatchf. 184; *N. Y. G. S. Co.* v. *A. G. S. Co.*, 20 id. 386; *Butler* v. *Ball*, 28 Fed. Rep. 754; *Woodworth* v. *Stone*, 3 Story, 749, 750; *C. P. P. Co.* v. *M. R. Co.*, 49 Fed. Rep. 930; *Wheeler* v. *C. P. Co.*, 10 Blatchf. 181.) It is unnecessary to show a fraudulent intent on the part of the defendant. (*Waterman* v. *Shipman*, 130 N. Y. 301; *B. Co.* v. *Owens*, L. R. [23 Ch. Div.] 371; *G. F. & L.*

*A. Co.* v. *G. & G. Ins. Co.,* 50 L. J. [N. S.] 253; *A. G. P. Co.* v. *G. P. Co.,* 25 Hun, 398; *Holmes* v. *Holmes,* 37 Conn. 278.) The plaintiff is entitled to the exclusive use of its corporate name. (*Selchow* v. *Baker,* 93 N. Y. 59; *Godillot* v. *Harris,* 81 id. 263; *L. M. Co.* v. *T. M. Co.,* 138 U. S. 537, 547; *Burton* v. *Stratton,* 12 Fed. Rep. 696, 702; *C. Co.* v. *C. Co.,* 23 id. 94; *Newman* v. *Alvord,* 51 N. Y. 189; *P. M. Co.* v. *P. M. P. Co.,* 135 id. 24; *Carroll* v. *Ertheiler,* 1 Fed. Rep. 688, 690, 691; *Metzler* v. *Wood,* L. R. [8 Ch. Div.] 606; *Hookham* v. *Pottage,* L. R. [8 Ch. App.] 91; *Coleman* v. *Crump,* 70 N. Y. 573; *B. Co.* v. *M. J. S. Bank,* L. R. [9 Ch. Div.] 560; *State* v. *Doyle,* 40 Wis. 175, 188; *I. R. Corp.* v. *Osmun,* 76 Mich. 162, 172; *State* v. *F. Ins. Co.,* 39 Minn. 538, 539; *Hutchinson* v. *McGrath,* 92 Mo. 355; *McCond* v. *High,* 24 Iowa, 336; *A. G. P. Assn.* v. *G. P. Co.,* 25 Hun, 398; *State* v. *McGrath,* 92 Mo. 355; *Holmes* v. *Holmes,* 37 Conn. 278; *Ex parte Walker,* 1 Tenn. Ch. 97; *M. D. Assn.* v. *D. M. Agency,* 25 Ill. App. 250; 7 N. Y. S. R. 871; 11 Fed. Rep. 495; *Knott* v. *Morgan,* 2 Keen, 213; *Constable* v. *Brewster,* 3 Ct. of Sess. Cas. 215; *Chappell* v. *Davidson,* 2 K. & J. 123; *F. S. Co.* v. *C. F. S. Co.,* 54 Fed. Rep. 175; *Hutchinson* v. *Covert,* 51 id. 832; *Clement* v. *Maddick,* 1 Giff. 98.) There is no dispute as to what the respective corporate names of the plaintiff and defendant are, nor is there any conflict of testimony upon the subject. The only question presented in the case is a pure question of law as to whether or not confusion would be likely to arise between the two corporations to the injury of the plaintiff. The testimony of witnesses is unnecessary. The court may base its conclusion upon a comparison of the respective names. (*Von Mumm* v. *Frash,* 56 Fed. Rep. 830; *Coats* v. *T. Co.,* 149 U. S. 562; *Fisher* v. *Blank,* 138 N. Y. 244; *Newby* v. *O. C. R. Co.,* Deady, 609; *M. D. Assn.* v. *D. M. Agency,* 25 Ill. App. 250.)

*George E. Mott* for respondent. The burden of proof is on the plaintiff to show that confusion arises in the two corpo-

rate names, and that they are so similar as to deceive; and it has failed in this case to give any satisfactory evidence in that direction. (*R. & B. Co.* v. *R. & M. Co.*, 27 N. Y. S. R. 808.) The word " Hygeia" in the title Hygeia Water Ice Company being merely descriptive of character or quality, cannot be exclusively appropriated as a trade mark. (*Kohler* v. *Sanders*, 21 Abb. [N. C.] 95 ; *Caswell* v. *Davis*, 58 N. Y. 223 ; *Corwin* v. *Daly*, 7 Bosw. 222.) An exception to a finding of fact will not authorize a reversal of the judgment, unless the following three conditions appear : That there is no competent testimony to sustain the finding ; and that the conclusion of law necessarily depended on said finding ; and, further, that there is no other fact presented by the evidence, and which the court might have found, which will justify its conclusion of law and the judgment based thereon. (*Caswell* v. *Davis*, 58 N. Y. 223.)

*Per Curiam.* The plaintiff sought to restrain the defendant from the use of its corporate name, on the ground that such name so nearly resembled that of the plaintiff as to be calculated to deceive persons dealing with them. The plaintiff was incorporated March 1, 1890, pursuant to chapter 40 of the Laws of 1848, and the acts amendatory thereof, under the name of the " Hygeia Water Ice Company." The defendant was incorporated April 1, 1890, pursuant to chapter 611 of the Laws of 1875, under the name of the " New York Hygeia Ice Company, Limited." The corporate name of the defendant was selected by the incorporators in January, 1890, but under the act of 1875 it was necessary to procure subscriptions to the capital stock and comply with the provisions of that act before the incorporation was perfected. This occurred on the first of April following, and the capital then fixed at $200,000 was all paid in and subsequently increased to $300,000, all of which was paid. The original capital was used in procuring the necessary plant, machinery and other property necessary to the conduct of the business, which was commenced almost immediately after the incorporation was

finally completed. The incorporators then had no knowledge of the use of the word "Hygeia" by any other ice company, nor until the commencement of this action, September 25, 1890, when its business was in full operation. The plaintiff company, as we have seen, was actually organized a month before the defendant, the provisions of the act of 1848 not requiring compliance with such formalities as the act of 1875, with three stockholders and an authorized capital of $5,000, but half of which was ever paid in. It has never actually engaged in the business of manufacturing ice or any other business, and its sole property consists in its corporate franchise. It is apparent from these facts that there was no fraudulent intent on the part of the defendant to appropriate the plaintiff's name or any part of it, and that the reasons for the interference of a court of equity are not very strong. In such cases a party has no absolute right to the aid of the equitable powers of the court, but they may be withheld in the exercise of a sound discretion as the facts and circumstances of the case may require. (*Calhoun* v. *Millard,* 121 N. Y. 69.) There were many considerations in the case which equity could not ignore. The fact that the word "Hygeia" had been used before the plaintiff was incorporated as part of the name of a water company, the large capital invested by the defendant and the extent of its business and the expense of conducting it, as well as the good faith of all its proceedings, the comparatively insignificant financial and business interests of the plaintiff to be affected, aside from the corporate name, were all circumstances which a court of equity could properly take notice of when asked to interfere by injunction.

The gravamen of the action is that the defendant has appropriated and is using a corporate name calculated to confuse and deceive the public to the plaintiff's injury. There is no finding and no satisfactory proof that the defendant, by the use of the name, ever deceived any one or that any confusion as to identity was ever produced in consequence. The two corporations certainly have different names, though the word "Hygeia" occurs in both. But this fact would not

warrant us in assuming as matter of law that the name adopted by the defendant has deceived the public or is calculated to deceive them, or that any confusion with reference to the identity of the two corporations exists to the prejudice of the plaintiff in consequence of the defendant's acts.

Courts of equity must, in such cases, assume that the public will use reasonable intelligence and discrimination with reference to the names of corporations with which they are dealing or intend to deal, the same as in cases of individuals bearing the same or similar names. It is timely enough in such cases for equity to use its extraordinary powers when it appears that deception or confusion has in fact resulted from the use of a word or a name or when it clearly appears that such result is likely to follow. But we think that the court was not bound to hold in this case that the defendant corporation, by reason of the corporate name which it adopted, has been mistaken for the plaintiff or is likely to be. So that the conditions upon which courts of equity are accustomed to act in such cases were not present in this case, and there being no error in the disposition made of it by the court below, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.