THE ELGIN BUTTER COMPANY

*v.*

THE ELGIN CREAMERY COMPANY *et al.*

*Filed at Ottawa April 1, 1895.*

155   127|
177   133|

.155      127|
 93a      190|

155      127'
j194   ³202|
j194   ³203|

155      127.
,210    ³183,

1. EVIDENCE—*fraud must be alleged and proved.* Fraud is never presumed, but must be alleged and proved.

2. CORPORATIONS—*"Elgin Creamery Company" and "Elgin Butter Company" not same name.* The issuance of a license to a corporation named the "Elgin Creamery Company," notwithstanding the previous licensing of the "Elgin Butter Company," does not violate the Corporations act, which provides that the Secretary of State shall not issue licenses to corporations having the same name.

3. TRADE NAME—*what the name "Elgin Butter Company" covers.* A corporation named the "Elgin Butter Company" cannot, by using upon its stationery the additional words, "Proprietor of the Elgin Creamery," acquire such a property in the words "Elgin," "butter" and "creamery" as to prevent a subsequently formed corporation from using its corporate title, "Elgin Creamery Company," or from designating its product as "Elgin" butter, in the absence of any intent or artifice to mislead the public as to the identity of the corporations or their products.

*Elgin Butter Co.* v. *Elgin Creamery Co.* 51 Ill. App. 231, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

The bill of complaint herein shows that on the first day of April, 1873, a co-partnership was formed in the city of Elgin, Kane county, Illinois, under the firm name and style of "The Elgin Butter Company," for the purpose of engaging in the business of manufacturing, purchasing and selling butter and other dairy products, and that it carried on such business until the fifth day of January, 1882; that at the date last named, the complainant, successor to the business of the co-partnership, was lawfully incorporated as a body corporate under the general laws of the State of Illinois, by and under the

name of "The Elgin Butter Company," for the purpose of manufacturing butter and cheese, and engaging in the business of buying and selling butter, cheese, milk and dairy products and supplies and fixtures, for pecuniary profit, with its principal office and place of business in said city of Elgin; that since the date of its incorporation the complainant has continued to conduct and carry on its lawful business, as above set forth, at Elgin, under its corporate name, and still continues so to do; that by the expenditure of much time and labor and of large sums of money, complainant has widely circulated, in its trade and business, its said corporate name of the Elgin Butter Company, and caused said corporate name to become well and favorably known, and thereby rendered the property in said corporate name, and the good will and trade-mark thereof, of great and permanent value, and has acquired a proprietary right in and to said corporate name, so that no one other than complainant has a lawful right to the use of the same, or of any similitude thereof that is likely to deceive or mislead its patrons, or to make such similitude pass with the public as that of complainant; that under its said corporate name, and by virtue of its property in the same and in the good will thereof, complainant has established a large and lucrative business; that the word "Elgin" was for the first time used and applied in the market, in connection with the term "butter," to the butter manufactured by complainants and the firm which they succeeded, at their creamery or factory in the city of Elgin, and that the butter so manufactured was the first known to the market and to the general trade as "Elgin butter."

The bill of complaint further avers, that on the eighth day of May, 1891, one Obadiah Sands, one Charles H. Potter and one Eugene Sullivan organized a corporation under the laws of the State of Illinois, by the name of "Elgin Creamery Company," the object of said corporation being "to operate creameries and manufacture and

deal in butter and cheese and dairy supplies," with its principal office in Elgin, in the county of Kane, and State of Illinois ; that said corporation holds itself out as doing business under the corporate name of "Elgin Creamery Company;" that the term "creamery," as used in connection with dairy matters, has but two meanings, to-wit, a factory in which butter is manufactured, and butter manufactured at such factory, and that such meanings could not but have been known to the directors of said Elgin Creamery Company at the time of the organization of the said corporation; that at the time of such organization the complainant, the Elgin Butter Company, was and now is the owner and operator of the only factory wherein butter was then or now is manufactured within the limits of said city of Elgin, and that there was and now is within the limits of the township of Elgin, which includes the territory of said city, no factory other than the factory of complainants that was or is known by the name of "Elgin Creamery."

The bill of complaint then proceeds as follows:   "Your orator further represents that the corporate name of 'Elgin Creamery Company,' adopted and used by the said Sands, Potter and Sullivan, has a tendency to, does, and, unrestrained in its use, will continue to, deceive and mislead the public at large, by being mistaken for and confounded with that of your orater; that the said corporate name is so similar to that of your orator that confusion and uncertainty concerning your orator's name have already arisen, still exist and will continue, whereby the identity of your orator's goods, manufactures and business have been, are and will be injuriously affected, and by confusing your orator's identity, goods and business with those of the said Elgin Creamery Company, the business, good will and property of and in your orator's corporate name have been greatly injured, and should said Sands, Potter and Sullivan be allowed to continue the use of the corporate name 'Elgin Creamery Com-

155—9

pany,' in connection with handling and dealing in butter, your orator would suffer irreparable loss and damage. Your orator further represents, that its predecessor, the partnership comprising the Elgin Butter Company, from the year 1876 and until its merger in your orator, adopted and used upon its letter-heads, price-lists and other stationery, in connection with the name 'The Elgin Butter Company,' the addition, 'Proprietor of the Elgin Creamery,' and that your orator, after its organization, made such use of said additions and continues so to do, and that said addition, since said date, has been extensively circulated upon said letter-heads, price-lists and other stationery, as well as by advertisement among the trade at large and throughout the United States, and that by virtue of such adoption, use and circulation your orator has become and is well known throughout the United States under and by said name, and is thereby entitled to claim the words 'The Elgin Butter Company, Proprietor of the Elgin Creamery,' as and for its own property for all trade purposes, and that no other person or corporation can lawfully use the same, or any substantial portion or similitude thereof, in such a way as has a tendency to mislead and deceive the general public, and induce the belief that any butter manufactured or placed upon the market by any such person or corporation, under any such words or similitude, is the product manufactured or placed upon the market by your orator. Your orator represents that, as a consequence of such adoption, use and circulation of said words for the past fifteen years, the trade and customers have confounded with and addressed orders to it as well by the names 'Elgin Creamery,' 'Elgin Creamery Company,' 'Elgin Creamery Butter Company,' as by its proper corporate name, 'The Elgin Butter Company.' * * * Your orator further represents, that if said Elgin Creamery Company continues, under its corporate name, that portion of its business contemplated by its articles of incorporation which

involves the manufacture of and dealing in butter, dealers in the market and the public will be confused, and led into the false belief that the two corporations, to-wit, the Elgin Butter Company and Elgin Creamery Company, are the same, and that thereby great injury will result to the public, and your orator's said corporate name, and the aforesaid addition thereto, will thereby continue to be infringed upon, and the good will and trade-mark thereof and the property therein will be supplanted and destroyed, and the valuable business and trade which your orator has established by the expenditure of much money and labor, and which, by the most careful consideration and attention, it has been able to maintain under the said corporate name of 'The Elgin Butter Company,' and the aforesaid addition thereto, and the good will and trade-mark thereof attached to and connected with the butter manufactured and sold by your orator, as hereinbefore set forth, will be utterly lost or seriously impaired."

The prayer of the bill is, that the Elgin Creamery Company and the other defendants be restrained, by the order and injunction of the court, from manufacturing, offering to sell or selling, under the name of "Elgin Creamery Company," as manufacturer, owner or seller, any butter whatever. The Elgin Creamery Company, Sands, Potter and Sullivan, were made parties defendant. The Superior Court of Cook county sustained a demurrer to the bill, and dismissed the same for want of equity. That decree was affirmed in the Appellate Court for the First District.

FRANK CROSBY, and ELBERT H. GARY, for plaintiff in error:

One person has no right to use another's name or mark for the purpose of deception, and in order to attract to himself custom which, without that improper act, would have flowed to the person who first used, or

was alone in the habit of using, that particular name or mark.  *Perry* v. *Trufitt,* 6 Beav. 66 ; *Hostetter* v. *Howinkle,* 1 Dill. 329.

One cannot produce and adopt such a general resemblance of the forms, words, symbols and accompaniments of another as will tend to mislead the public.  *Croft* v. *Day,* 7 Beav. 84.

It is not necessary, to infringe a trade-mark, that it should be counterfeited or exactly simulated.  It is enough that such a resemblance is produced as is calculated to mislead.  *Frazier* v. *Frazier,* 18 Ill. App. 450 ; *Ball* v. *Siegel,* 116 Ill. 146 ; *Saunders* v. *Jacob,* 20 Mo. App. 96.

The party who attempts to deceive the public in the use of a trade-mark which contains on its face a falsehood as to the place where its goods are manufactured, in order to have the benefit of the reputation which such goods have acquired in the market, is guilty of fraud. *Palmer* v. *Harris,* 60 Pa. 156 ; *Pike Manf. Co.* v. *Stone Co.* 35 Fed. Rep. 896 ; *Gato* v. *Cigar Manf. Co.* 25 Fla. 886.

A tradesman, to bring his privilege of using a particular mark under the protection of a court of equity, need not prove that it has been copied in every particular.  It would be sufficient to show that the devices employed bear such a resemblance to his as to be calculated to mislead the public generally.  Coddington on Trade-marks, secs. 353, 377; *Filly* v. *Fassett,* 44 Mo. 168 ; *Merriam* v. *Publishing Co.* 43 Fed. Rep. 450 ; *Black* v. *Ehrich,* 44 id. 793.

Protection afforded by courts of equity against the infringement of trade-marks does not depend upon any exclusive right to a particular name or to a precise form of words.  The right to relief is rather dependent upon the necessity of extending protection against fraud.  *McLean* v. *Fleming,* 96 U. S. 253 ; 2 High on Injunctions, (2d ed.) secs. 1067-1069 ; *Walton* v. *Crowley,* 3 Blatch. 440 ; Coddington on Trade-marks, sec. 378 ; *Lockwood* v. *Bostwick,* 2 Daly, 521.

When a man manufactures his goods at a particular place, he may use the name of that place, in combination with other words, as a trade-mark.    *Gato* v. *Cigar Manf. Co.* 25 Fla. 886 ; *Alvord* v. *Newman*, 49 Barb. 588.

LYMAN & JACKSON, for defendants in error :

The State did not assume to give complainant an exclusive right.    It could not create a monopoly in that way.    If defendant is making and selling Elgin butter, in fact, it cannot be enjoined from doing so, even though the name "Elgin Creamery Company" was similar to "Elgin Butter Company," and injured complainant's business. *Iron Co.* v. *Uhler*, 75 Pa. St. 470;  *Candee* v. *Deere*, 54 Ill. 439 ;  *Laughman's Appeal*, 128 Pa. St. 22 ;  *Merchants' Detective Ass.* v. *Detective Mercantile Agency*, 25 Ill. App. 257; *Canal Co.* v. *Clark*, 13 Wall. 311;  *Bolander* v. *Peterson*, 136 Ill. 215 ;  *Choynski* v. *Cohen*, 39 Cal. 501.

Defendant acquired the right to be a corporation from the State, and its name was given to designate it, by the State.    The name is defendant's name, and it has as much right to its name as a natural person.    *Meneely* v. *Meneely*, 62 N. Y. 427;  *Faber* v. *Faber*, 49 Barb. 357;  *Brittania Co.* v. *Parker*, 30 Conn. 450 ;  *Chemical Co.* v. *Meyers*, 139 U. S. 547.

Mr. JUSTICE BAKER delivered the opinion of the court:

The foregoing statement contains the substance of all that we regard as the material allegations of the bill. Averments of simple matters of evidence that do not amount to averments of the facts that they tend to prove, and of immaterial matters, and statements of mere opinions and conclusions of the pleader, are largely omitted therefrom.    These may, properly, all be ignored. The demurrer admits only the facts that are well pleaded.

The bill, as we read it, is notable for that which it fails to charge.    It may well be that the Elgin Creamery Company has no factory wherein butter is manufactured, within the limits of the township of Elgin, that is known

by the name of "Elgin Creamery." *Non constat*, that it does not own and operate three creameries located within the territory of said township that are designated and known as "Creamery A," "Creamery B" and "Creamery C," or by other distinctive appellations, and still other creameries besides these, there located, that are not known by any special names. All that is contained in the bill of complaint may be true, and yet it be the fact that the Elgin Creamery Company is manufacturing all the butter that it sells, or offers for sale, at a factory or factories owned and operated by itself and located in the township of Elgin. Said allegations may all be true, and yet it be the fact that all the butter it deals in is butter that is made within the territorial limits of Elgin township by farmers living within that township, either at the respective creameries of each individual farmer, or at some creamery or creameries owned and operated in some other way. A creamery is simply a place where butter is made, and it is not the size or capacity of the factory that makes it a creamery. The defendant corporation is authorized by its charter "to operate creameries and manufacture and deal in butter." By its articles of incorporation, read in the light of its corporate name, it holds itself out to its customers and to the public as making and dealing in, or dealing in, genuine Elgin butter, or butter manufactured in Elgin or out of milk and dairy products that are known in the market as Elgin milk and dairy products. No averment in the bill shows that it is not so doing, or that it is not doing what it was incorporated to do and what it represents itself as doing. It must be regarded, then, for the purposes of this case, that the Elgin Creamery Company is manufacturing, dealing in and selling only genuine Elgin butter, made within the township and out of milk and dairy supplies there produced.

It is not charged or claimed in the bill that the promoters of or the owners of the stock in the Elgin Cream-

ery Company adopted the corporate name by which it was incorporated, for the purpose of misleading or deceiving or otherwise wronging or injuring either its own customers, or the public, or the Elgin Butter Company, complainant herein.   No fraud and no wrongful intention are alleged in the bill, and no facts are stated from which any inference of fraud naturally and necessarily arises.   Fraud must always be alleged and proven.   It is never presumed.   Fair and healthy competition in business is beneficial to the public, and redounds to the welfare of the State.   It is not justly to be regarded as an index of fraud.   The case at bar, then, is to be considered as free from any question of fraud.

The gist of the complaint seems to be, that the use by the Elgin Creamery Company of its corporate name in its business of manufacturing, dealing in and selling butter has a tendency to, and does, confuse and mislead dealers in the market and the public at large, and lead them into the false belief that the corporation incorporated as "Elgin Creamery Company" is one and the same with the corporation incorporated as "The Elgin Butter Company."   The bill proceeds upon the theory that the name "The Elgin Butter Company," and the claimed addition thereto of the words "Proprietor of the Elgin creamery," are the trade name and trade-mark of complainant, and that it has the exclusive right and property in both said corporate name and said addition, and that no other person or corporation has a legal right to combine the word "Elgin" with either the word "butter" or the word "creamery," in conducting his or its business.

The act concerning corporations (chap. 32, sec. 2,) provides that the Secretary of State shall not issue license to form two corporations or companies having the same name.   We think that the issuing of licenses to the two corporations involved in this controversy was not in disregard of this statutory provision.   The Elgin Butter Company was the first of the two corporations to become

incorporated. It has a right to demand protection in the exclusive use of its corporate name, "The Elgin Butter Company," which is both its corporate name and its trade name. But "Elgin Creamery Company" is quite a different name from "The Elgin Butter Company." Ordinary attention will enable any one to discriminate between them.

It cannot be admitted that complainant, by using upon its letter-heads, price-lists and other stationery, in connection with its corporate name of "The Elgin Butter Company," the additional words "Proprietor of the Elgin Creamery," has acquired such a property in and monopoly of the words "Elgin," "butter" and "creamery," as that no one else can lawfully use the first of said words in connection with either of the other two—even when they can truthfully be so used. Nor can it be conceded that farmers in and around the city of Elgin cannot sell the butter that they make, as "Elgin butter," nor are they precluded from truthfully designating the places where they severally make their butter as creameries at Elgin. And no more can such a concession be allowed as against the right of any other person or corporation engaged in the business of manufacturing, dealing in or selling butter made at a creamery in Elgin, and out of milk and dairy supplies produced in Elgin. As was said by the Supreme Court of the United States in *Canal Co.* v. *Clark*, 13 Wall. 311: "It must, then, be considered as sound doctrine that no one can apply a name of a district or country to a well-known article of commerce, and obtain thereby such an exclusive right to the application as to prevent others inhabiting the district, or dealing in similar articles coming from the district, from using the same designation." Like doctrine has been announced by this court and in equally emphatic language. *Candee, Swan & Co.* v. *Deere & Co.* 54 Ill. 439 ; *Bolander* v. *Peterson*, 136 id. 215. And to the same effect are the cases of *Glendon Iron Co.* v. *Uhler*, 75 Pa. St. 467, *Laughman's Appeal*, 128 id. 1, and *Brown Chemical Co.* v. *Meyer*, 139 U. S. 540.

Even if the corporate names of the two corporations are somewhat similar, yet, in the absence of any intent, act or artifice to mislead dealers in the market or the public at large as to the identity of the corporations, the Elgin Creamery Company has the same right to use its corporate name in the transaction of its business that the Elgin Butter Company has 'to use its corporate name. It would seem that the same rule should apply to corporations, in this regard, that obtains in respect to natural persons, and in the absence of any fraudulent or wrongful intention or act, or any contract to prohibit it, every natural person has the absolute right to use his own name in his own business. *Meneely* v. *Meneely*, 62 N. Y. 427.

The cases of *Merchants' Detective Ass.* v. *Detective Mercantile Agency*, 25 Ill. App. 250, *Montgomery* v. *Thompson*, L. R. 16 App. Cas. (H. of L.) 217, *Croft* v. *Day*, 7 Beav. 84, and *El Modello Cigar Manf. Co.* v. *Gato*, 25 Fla. 886, are not here in point, since in each of those cases there was present the element of fraudulent acts and intention.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*