GIACOMO ALLEGRETTI *et al.*

*v.*

THE ALLEGRETTI CHOCOLATE CREAM COMPANY.

*Opinion filed December 21, 1898.*

1. TRADE NAMES—*transfer of business to successors carries right to trade name.* The transfer of the property and effects of a partnership business to a corporation composed of the co-partners carries with it the exclusive right to use such trade-marks and trade names as have been used in the business, and no proof of a formal transfer of the same is necessary to support an allegation of exclusive ownership by the corporation, in its bill to enjoin its use by others.

2. SAME—*right to use one's own name as a trade name is limited.* The right of a person to the free use of his own name in his business can be exercised only in the absence of fraudulent or wrongful intentions or acts calculated to operate to the injury of another.

3. SAME—*when injunction against use of trade name is not too broad.* An injunction against one for using his own name as a trade name to divert to himself trade intended for another, whose prior use of such trade name had given it great commercial value, may require the defendant to so qualify his trade name as to identify his goods.

*Rubel* v. *Allegretti Chocolate Cream Co.* 76 Ill. App. 581, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

Appellee, the Allegretti Chocolate Cream Company, is a corporation engaged in the manufacture of chocolate creams and confections in the city of Chicago, the stock of which is owned by Ignazio Allegretti, the father, and Joseph and Nicholas Allegretti, his sons. This proceeding is a bill in chancery by the corporation, begun in the superior court of Cook county, against I. A. Rubel, B. F. Rubel and Giacomo Allegretti, partners as Allegretti & Co., to enjoin and restrain the latter from manufacturing and selling chocolate creams under processes, recipes and methods belonging to complainant, and from using the trade-mark or trade name "Allegretti," claimed by

177—9

the complainant as its exclusive trade name and used by it in its business.

The bill alleges that complainant is the owner of the sole right, processes, recipes and methods of manufacturing certain chocolate creams, and the trade-mark or trade name "Allegretti;" that the said business was very extensive, being operated in several cities, and had become known throughout the United States; that Giacomo Allegretti was employed by Ignazio Allegretti and Allegretti Bros., to whose business and rights complainant succeeded, and that while so employed he acquired some knowledge of the processes; that on August 26, 1898, he advertised in the *Chicago Daily News* for a partner to inaugurate a new business, claiming to be the "originator and sole possessor of the genuine processes of manufacturing Allegretti chocolate creams;" that the intention was to use the name "Allegretti," and cause the public and the trade to believe chocolate creams manufactured by Giacomo Allegretti are manufactured by complainant; that he then became associated with the Rubels under the firm name of Allegretti & Co., and instituted a business at 101 State street, in Chicago, for the purpose of manufacturing and selling creams similar to complainant; that the creams made by defendants are shaped and packed like those made by complainant, to deceive the public; that defendants are claiming to be the originators of "Allegretti's" chocolate creams, and complainant's customers have been misled by such representations; that the Rubels and Giacomo Allegretti have entered into a conspiracy for the purpose of diverting to their use and profit complainant's business; that Giacomo Allegretti never achieved any reputation in the manufacture of chocolate creams, but that defendants are selling chocolate creams upon the reputation of complainant.

The Rubels and Giacomo Allegretti filed separate answers, each denying all intent to deceive the public or do business on the trade name of complainant, and deny-

ing the processes and methods used by defendants were those of complainant, etc.

Upon the hearing a decree was rendered restraining the defendants "from using the name 'Allegretti' or 'Allegretti & Co.,' in the sale of chocolate creams and confections," "except when such use is coupled with words clearly indicating that such goods were manufactured and are sold by B. F. Rubel, I. A. Rubel and Giacomo Allegretti, and not by Ignazio Allegretti or the Allegretti Chocolate Cream Company," etc. From this decree defendants appealed to the Appellate Court, where it was affirmed. Appellants bring the cause here upon further appeal.

MORAN, KRAUS & MAYER, and CLYDE E. MARSH, (DOW, WALKER & DOW, of counsel,) for appellants.

DOUGLAS C. GREGG, (DARROW, THOMAS & THOMPSON, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

From the record before us it clearly appears that Ignazio Allegretti, after years of business experience in that line, established for himself a reputation and trade name as the manufacturer of a superior grade of confections known as "Allegretti chocolate creams." He subsequently became engaged with his sons in the same business, and later incorporated the complainant company, composed of himself and his sons, Nicholas and Joseph Allegretti. The questions raised upon this record for our decision are chiefly two: First, was the complainant company, at the time of filing the bill, the owner of the exclusive right to use the trade name or trade-mark "Allegretti," when applied to manufactured chocolate creams and confections; and second, were appellants so using the firm name "Allegretti & Co." as to justify the intervention of a court of equity by injunction, as set forth in the decree in this cause.

Upon the first inquiry, it is contended that appellee has not proven the allegations of the bill in this cause alleging that the sole right to the use of the trade name "Allegretti," and the processes and recipes, passed to complainant and was in complainant at the bringing of this suit. We think the facts proven sufficiently support the allegations of the bill in this respect. Ignazio Allegretti and his two sons, who own all the stock in the present company, composed the firm of Allegretti Bros., to whose business and rights the corporation succeeded. True, there is no testimony showing that Allegretti Bros. executed and delivered to the corporation any formal assignment or transfer of the right claimed; but the business was transferred to the corporation, and the same persons continued it in the same manner but under a new and corporate name, and no formal transfer was necessary to vest the rights in appellee. The transfer of the property and effects of a business carries with it the exclusive right to use such trade-marks or trade names as have been used in such business. *Snyder Manf. Co.* v. *Snyder,* 54 Ohio, 86; *Williams* v. *Farrand,* 88 Mich. 473; *Fish Bros. Wagon Co.* v. *LaBelle Wagon Works,* 82 Wis. 546; *Merry* v. *Hoopes,* 111 N. Y. 415; *Feder* v. *Benkert,* 18 U. S. Cir. Ct. App. 549.

The second question, whether appellants are so using the firm name "Allegretti & Co." as to justify the intervention of a court of equity, is one of fact, and is the chief consideration in the decision of this cause. It is hardly disputed that for a number of years "Allegretti's" chocolate creams and confections, in the city of Chicago, were known to be the manufacture of the firm of Allegretti Bros., which was afterwards incorporated and became the appellee company. That firm, and later the appellee, had thus acquired a reputation in that particular business, and the manufactured product had acquired a trade name, when associated with the business, which was of great value. The defendants had a right to open

up their business under the firm name of "Allegretti & Co.," provided they did so without "any intent, act or artifice to mislead dealers in the market, or the public at large, as to the identity" of the firm. (*Elgin Butter Co.* v. *Elgin Creamery Co.* 155 Ill. 127.) If they established their new business and sought to conduct it with the fraudulent and wrongful intention of attracting to themselves the custom intended for appellee, this is clearly a fraud upon the rights of the latter. Whether the business was carried on with such wrongful intent to deceive is the question of fact which was found adversely to appellants upon the hearing, and is the one we must determine from an examination of the evidence. From a careful examination of the whole record we think the chancellor below, and the Appellate Court, were amply justified in their finding. The most that can be said is, that the evidence is somewhat conflicting, although we are satisfied it preponderates in favor of complainant.

It is also contended by appellants that the scope of the injunction in this cause is too broad; that even if it be found the appellants have been guilty of fraudulent practices to divert to themselves the trade intended for appellee, yet the injunction can only restrain such fraudulent *practices* and not the *use* of the name, it being contended that every natural person has the right to the free use of his own name in his own business. That every natural person has such right is undoubtedly the rule established by an unbroken line of decisions; yet that right, as is said in the case of *Elgin Butter Co.* v. *Elgin Creamery Co. supra,* can only be exercised "in the absence of any fraudulent or wrongful intention or act." In harmony with this view is the case of *Hazelton Boiler Co.* v. *Hazelton Tripod Boiler Co.* 142 Ill. 494. Appellants are not restricted from the use of the name "Allegretti" in every manner, as is contended by counsel. They may use it, provided they do so in a manner indicating that their goods are "manufactured and sold by B. F. Rubel, I. A.

Rubel and Giacomo Allegretti, and not by Ignazio Allegretti or the Allegretti Chocolate Cream Company." Fraud and deception having been practiced by appellants, as shown by the facts and the finding herein, we are satisfied the language of the decree is not too far-reaching.

The judgment of the Appellate Court affirming the decree of the superior court of Cook county will accordingly be affirmed.

*Judgment affirmed.*