## Allegretti Chocolate Cream Co. v. B. F. Rubel et al.

1. TRADE NAMES—*Equity Jurisdiction.*— A court of equity will direct and control the use of a man's name, either by himself, or by himself associated with others, in his or their business, so that it shall not be used to work an injury to the business of another person having the same name, or to perpetrate an imposition or a fraud upon the public.

**Bill for Injunction.**—Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed January 16, 1900.

DARROW, THOMAS & THOMPSON and DOUGLASS C. GREGG, attorneys for plaintiff in error.

CLYDE E. MARSH, attorney for defendants in error; Dow, WALKER, WALKER & MARSH, of counsel.

MR. JUSTICE SHEPARD delivered the opinion of the court.

By the original decree in this case the defendants in error were perpetually enjoined by the Superior Court from "using the name 'Allegretti,' or 'Allegretti & Co.,' in the sale of chocolate creams and confectionery in the county of Cook aforesaid, except when such use is coupled with words

clearly indicating that such goods were manufactured and are sold by B. F. Rubel, I. A. Rubel and Giacomo Allegretti, and not by Ignazio Allegretti or the Allegretti Chocolate Cream Company."

That decree has been reviewed upon appeal, and affirmed by both this court and the Supreme Court. (Rubel et al. v. Allegretti Chocolate Cream Co., 76 Ill. App. 581; Allegretti et al. v. Allegretti Chocolate Cream Co., 177 Ill. 129.)

This present writ of error is from an order of the Superior Court dismissing, for want of equity, a petition filed by the plaintiff in error asking to have defendants in error adjudged guilty of contempt for alleged violations of such original decree.

The record discloses that the defendants in error have discontinued the use of the name of "Allegretti & Co." in the conduct of their business in Cook county, and have substituted therefor the name of "Allegretti & Rubel," upon their store signs and upon the boxes in which their confectionery is packed and sold. In each case the names of the three individuals composing the firm of defendants in error, viz.: I. A. Rubel, G. Allegretti and B. F. Rubel, are printed (or otherwise placed or stamped) in small letters above the name "Allegretti & Rubel."

Upon an exhibit, contained in the certificate of evidence, of the cover to one of the boxes referred to, the arrangement of names, etc., is as follows:

"I. A. Rubel,     G. Allegretti.     B. F. Rubel.
ALLEGRETTI & RUBEL,
Delicious
Chocolate Creams."

In such combination the embossed script letters composing the firm name, "Allegretti & Rubel," are about four times as large as the letters composing the names of the individual members of the firm, and can be read, as can also the words "Chocolate Creams," by the use of the naked eyes at about four times as great a distance. It is as to the use of the name of "Allegretti," in connection with the word "Rubel," or otherwise, in the prominent manner

shown by the record in the business of the defendants in error, that the plaintiff in error complains. No words negativing that the goods are those of "Ignazio Allegretti, or the Allegretti Chocolate Cream Company," appear upon the packages, as the injunctional order commands shall be clearly shown. Whatever the design of defendants in error may be with regard to the use of such labels, the substance of such use is plainly nothing but artifice and contrivance to evade the injunction. To anybody not wise and wary to an unusual degree the effect of the labels is nothing more nor less than a representation that the confections in the packages are those of " Allegretti's " make.

While it is no doubt true, as held by the Supreme Court in the case cited *supra*, that Giacomo Allegretti and his co-defendants in error should not be, and are not by the decree in question, prohibited from using his name in the business in question, yet under the circumstances that induced them to adopt the same business as had been built up by the plaintiff in error, they may only so use his name " provided (in the language of the Supreme Court) they do so in a manner indicating that their goods are 'manufactured and sold by B. F. Rubel, I. A. Rubel and Giacomo Allegretti and not by Ignazio Allegretti or the Allegretti Chocolate Cream Company.' "

The intent and plain purpose of the original decree is that defendants in error shall so use the name "Allegretti," if they use it at all, as not to beguile the public into buying their confectionery under the impression they are buying that of the plaintiff in error. The underlying principle of all the decisions upon the question presented by the record before us is the prevention of imposition and fraud upon the public who may be intending customers.

If the similitude employed by defendants in error is sufficient to convey a false impression to the public mind, and is of a character to mislead and deceive the ordinary purchaser, in the exercise of ordinary care and caution in such matters, it is sufficient to give the plaintiff in error a right to the redress asked for—an injury being shown.

The record shows conclusively that persons desiring the cholocate creams manufactured by the plaintiff in error, and believing they were getting them, were deluded into buying those manufactured by the defendants in error by means of the signs and packages now used by the defendants in error, if not as well, also, by the open statements of the agents of defendants in error.

It is plain, we think, as shown by the record, that the defendants in error continue, through the use in a fraudulent manner of the talismanic word " Allegretti," notwithstanding the injunctional decree, to endeavor to create and foster the impression upon the mind of the public that the chocolate creams dealt in by them are those made by the original Allegretti, now the plaintiff in error.

It is manifestly against the spirit of the injunction that they should do so.

It is well settled that a court of equity will direct and control the use of a man's name, either by himself, or by himself associated with others, in his or their business, so it shall not be used to work an injury to the business of another person having the same name, or to perpetrate imposition and fraud upon the public.

The original order of injunction, the violation of which is here complained of, is broad enough to cover the specific acts alleged in the petition and proven in the case, and the denial of the relief asked was error.   It is not within our province, sitting only as a court of review, to indicate what other acts than those here shown will constitute a violation of the injunction, or in just what manner the defendants in error may use the word  " Allegretti" in their business without violating the injunction.   It devolves upon the court below, in the first instance, to appropriately protect its order, which the highest authority of the State has approved of, and upon proper application to see that it is effectively enforced, to the end that defendants in error shall not so use the name " Allegretti " in any way in Cook county as to delude the public in the belief that their goods are those of the plaintiff in error.

In addition to the Supreme Court opinion referred to *supra*, see Fairbank v. R. W. Bell Mfg. Co., 77 Fed. Rep. 869; Baker Co. v. Sanders, 80 Fed. Rep. 889, and Allegretti Chocolate Cream Co. v. Kellar, 85 Fed. Rep. 643, and cases therein referred to.

The decretal order of the Superior Court dismissing the petition of the plaintiff in error for want of equity, is reversed and the cause remanded with directions to that court to proceed under the petition and the answer thereto in such manner as to it may seem to be equitable and just, not inconsistent with this opinion. Reversed and remanded with directions.