## Allegretti Chocolate Cream Co. v. B. F. Rubel et al.

1. APPELLATE COURT PRACTICE—*Effect of Failing to Assign Cross-Errors.*—The statute confers upon an appellee or defendant in error authority to assign cross-errors, but it is not imperative, and a failure to do so does not bar the right to prosecute a cross-appeal or writ of error. The common law right to sue out a writ of error upon the same record still remains.

2. RES ADJUDICATA—*Errors Assigned on a Former Hearing.*—If, under the errors assigned upon the record in a former appeal, the questions raised by the errors assigned in this case were presented and considered, the former decision upon such questions must be deemed final.

**Bill to Enlarge a Former Decree.**—Error to the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the March term, 1899. Dismissed. Opinion filed January 16, 1900.

DARROW, THOMAS & THOMPSON and DOUGLASS C. GREGG, attorneys for plaintiff in error.

CLYDE E. MARSH, attorney for defendants in error; DOW, WALKER, WALKER & MARSH, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.
This is a writ of error sued out by the complainant in

the original bill, and we are asked to enlarge and broaden the decree entered in its favor by the trial court.

The decree now complained of is as follows:

" This cause coming on to be heard on the bill of complaint herein, answer to defendants and complainant's replication thereto, the court having heard the evidence adduced by complainant and defendants, and arguments of counsel, and being fully advised in the premises, doth find that the equities of said bill are with the complainant; that complainant has a full right and title to the use of the name or word 'Allegretti,' as alleged in said bill; that the material allegations in said bill are true.

" It is therefore ordered, adjudged and decreed by the court that said defendants, B. F. Rubel, I. A. Rubel and Giacomo Allegretti, and each of them, their agents, servants, attorneys, representatives or assigns, be perpetually enjoined and restrained from using the name ' Allegretti ' or ' Allégretti & Co.' in the sale of chocolate creams and confectionery in the county of Cook, aforesaid, except when such use is coupled with words clearly indicating that such goods were manufactured and are sold by B. F. Rubel, I. A. Rubel and Giacomo Allegretti, and not by Ignazio Allegretti or the Allegretti Chocolate Cream Company, and that said complainant do have judgment herein for its costs in this proceeding, to be taxed by the clerk."

Counsel for plaintiff in error thus state the case as it is now presented :

" This case originally came before this court on an appeal by the defendants below, the defendants in error in this case, from the foregoing decree. The decree was sustained by this court (76 Ill. App. 581) and was affirmed by the Supreme Court (177 Ill. 129). By the decisions the facts in this case have been fully found, and the question now is whether under the facts, as found by the courts, the plaintiff in error is under the law entitled to broader relief than the decree gives it. As the facts are fully determined and no error is assigned in that regard, the question is presented now purely as one of law."

It is insisted by counsel for the defendant in error, first, that the plaintiff in error is now attacking its own decree, and that not having assigned any cross-errors upon the original appeal from this same decree, as it ought to have done if dissatisfied therewith, it can not now be heard

to complain; and second, that having failed to so assign cross-errors and attack the decree when it was before under consideration, that decree became *res adjudicata*, and it is too late to seek to have it modified or enlarged.

While the statute confers upon an appellee or defendant in error permission to assign cross-errors, it is not imperative that this shall be done, and the failure to do so does not bar the right to prosecute a cross-appeal or writ of error. The common law right to sue out a writ of error upon the same record still remains. Page et al. v. The People, 99 Ill. 418 (424).

If, however, under the errors assigned upon the record in the original appeal, the questions raised by the errors now assigned were presented and considered, the former decision upon such questions must be deemed final.

The errors now assigned are in substance that the decree is not sufficiently broad to afford the plaintiff in error the relief justified by the facts as found; that it was error not to prohibit defendants in error the use of the name "Allegretti" in the conduct of their business; not to prohibit them from using it as the first or prominent name in the firm name as used by them; not to require them to state clearly that they are not the original Allegretti; not to require the use of the first name Giacomo with the surname Allegretti, if the latter is allowed to be used at all, and not to require all the defendants in error to use their full names in connection with Allegretti in the firm name if Giacomo Allegretti's name is to be used at all.

As to the assignment of error to the effect that the defendants in error should have been forbidden the use of the name Allegretti, the point was argued upon the former appeal and considered in the opinions of this and the Supreme Court above referred to. It is said in the latter opinion (Allegretti v. Allegretti Chocolate Cream Co., 177 Ill., on p. 133):

"Appellants are not restricted from the use of the name 'Allegretti' in every manner, as is contended by counsel. They may use it provided they do so in a manner indicating that their goods are manufactured and sold by B. F. Rubel,

I. A. Rubel and Giacomo Allegretti, and not by Ignazio Allegretti or the Allegretti Chocolate Cream Company. Fraud and deception having been practiced by appellants, as shown by the facts and the finding herein, we are satisfied the language of the decree is not too broad."

We are of the opinion, however, that the language of the decree is sufficiently broad to give to plaintiff in error practically all the relief it now seeks. The defendants in error are by the decree required, if they use the word "Allegretti, ' to couple it' with words clearly indicating that such goods were manufactured and are sold" by them, and not by plaintiff in error. Any such use of the name Allegretti as tends to perpetuate the fraud and deception heretofore practiced by them is a disobedience of the decree. If the name "Allegretti" is so used, whether as the first or prominent name of the firm composed of the defendants in error, or without a clear statement that they are not the original Allegretti, or without the use of the Christian name Giacomo, or otherwise, if the effect is to deceive the public and lead the buyer to suppose, or permit him to suppose, that he is buying the chocolate creams known as those of the original "Allegretti," then the defendants in error are guilty of disobedience of the decree, and are liable to punishment accordingly.

We have held that they are so liable in another cause between the same parties, and with the same title in which the opinion is also filed at this term, to which reference may be had. 86 Ill. App. *ante.*

For the reasons indicated the present writ of error will be dismissed.