# JACKSON CORSET COMPANY *v.* COHEN.

---

### TRADEMARKS; CORPORATIONS.

1. As the primary object of a trademark is to indicate the origin of the article to which it is affixed, there is no distinct property right in the mark separate from the article to which it has been associated; in other words, the trademark may not be assigned in gross.

2. While, under certain conditions, a limited interest by way of license may be created in a trademark, where an individual who had used a trademark organized a corporation to which he transfered his business and good will, and the corporation continued the manufacture of the article to which the mark was applied, and to use the mark; it was *held* that the transfer of the business and good will necessarily car-

ried with it the right to use the mark, and that the corporation was not a mere licensee.

No. 744. Patent Appeals.   Submitted March 11, 1912.   Decided April 1, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference proceeding.

*Reversed.*

The facts are stated in the opinion.

*Messrs. Steuart & Steuart* and *Mr. John Emory Cross* for the appellant.

*Messrs. E. T. & J. F. Brandenburg* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is a trademark interference proceeding involving the letters "J. C." or "J. C. C." as a trademark for corsets.

The evidence of the appellee, Joseph Cohen, tended to show that he adopted this mark in 1891 and gradually extended his business until, in the summer of 1909, he formed the Jaysee Corset Company, a corporation, of which he became president and to which he transferred his factory, stores, goods, and business. That corporation thereupon proceeded to manufacture the J. C. corset, which theretofore had been manufactured by the appellee individually. No formal transfer of the trademark, however, was ever made to it. The corporation finally became bankrupt, and appellee now claims that it was a mere licensee of the J. C. trademark. It is unnecessary to notice other questions.

It is elementary that, as the primary object of a trademark is to indicate the origin of the article to which it is affixed, there is no distinct property right in the mark separate from the article with which it has been associated; in other words, the trademark may not be assigned in gross. While, under certain

conditions, a limited interest by way of license may be created in a trademark (*Nelson* v. *J. H. Winchell & Co.* 203 Mass. 75, 23 L.R.A.(N.S.) 1150, 89 N. E. 180), the transfer of a plant, business, and good will, under such conditions as surround the transfer in the present case, necessarily, by operation of law, carries with it the right to the trademark upon which the business is founded. *Allegretti* v. *Allegretti Chocolate Cream Co.* 177 Ill. 129, 52 N. E. 487; *Seabrook* v. *Grimes,* 107 Md. 410, 16 L.R.A.(N.S.) 483, 126 Am. St. Rep. 400, 68 Atl. 883; *Bank of Tomah* v. *Warren,* 94 Wis. 151, 68 N. W. 549; *Merry* v. *Hoopes,* 111 N. Y. 415, 18 N. E. 714. Such was very evidently the understanding at the time the corporation was formed. The business and good will purchased amounted to little without the symbol of identification, that is, the trademark.

As the evidence of the appellant established a use of this mark prior to the bankruptcy of the Jaysee Company, it follows that, as between the parties to this record, priority should have been awarded appellant. The decision of the Commissioner will therefore be reversed.       *Reversed.*