Oklahoma Producing & Refining Company,

*vs.*

Oklahoma Consolidated Producing and Refining Company.

*Kent, Dec.* 30, 1918.

The similarity of names of complainant, Oklahoma Producing & Refining Company, and defendant, Oklahoma Consolidated Producing & Refining Company, being such that the public would probably be deceived thereby, tending naturally to harm complainant, complainant is entitled to have its rights protected by preliminary injunction against defendant's use of its name until the case can be fully heard upon the proofs adduced in the regular way.

Delay in seeking relief against a continuance of the use of a proprietary name, such as a trade-mark, is not ordinarily a defense recognized in equity courts, however much it may affect the rights to an accounting for profits.

Statement of the Case. The bill of complaint in this cause was filed for the purpose of restraining the defendant, its officers, servants and agents from transacting any business whatever or selling any stock under the name of Oklahoma Consolidated Producing & Refining Company; from in any manner representing that it is the complainant; and from making any representations

that will lead the public to believe that it is the complainant; and from issuing or publishing letters, circulars, prospectuses, or any other writing whatever, relating to the oil business, or the sale of its corporate stock under the name of Oklahoma Consolidated Producing & Refining Company.

Upon motion of the solicitors for the complainant, after notice to the defendant, a restraining order and a rule requiring the defendant to show cause why a preliminary injunction should not be issued were ordered, and the cause came on to be heard at the return of the rule on bill and affidavits on behalf of the respective parties.

*William Watson Harrington* and *James M. Satterfiled*, for the complainant.

*Herbert H. Ward* and *Andrew C. Gray*, for the defendant.

THE CHANCELLOR.   This being a motion for a preliminary injunction, I will not do more at this time than state my tentative views as to the respective rights of the parties, reserving opinions on all matters until the final hearing.

The similarity of the names of the complainant and defendant are such as that it is probable that the public would be deceived thereby, and as this tends naturally and inevitably to harm the complainant, it is clear that as the matter now stands, the complainant is entitled to have its rights protected by a preliminary injunction until the case can be fully heard upon the proofs adduced in the regular way.   The opinion of Judge Bradfor d in *Philadelphia Trust, etc., Co. v. Philadelphia Trust Co.*, (C. C.)123 *Fed.* 534, furnishes ample authority for this view.

It seems to me at this time that the acquiescence of the complainant in the use by the defendant of its corporate name, as referred to in the affidavits, does not constitute laches.   But even if so, delay in seeking preventive relief against a continuance of the use of a proprietary name, such as a trade-mark, is not ordinarily a defense recognized in equity courts, however much it may affect the rights to an accounting for profits. *Menendez v. Holt*, 128 *U. S.* 514, 9 *Sup. Ct.* 143, 32 *L. Ed.* 526; *McLean v. Fleming*, 96 *U. S.* 245, 24 *L. Ed.* 828; *Fahrney v. Rummier*, 153 *Fed.* 735, 737, 82 *C. C. A.* 621; *Saxlehner v. Eisener, etc.*, 179 *U. S.* 19, 39, 21 *Sup Ct.* 7, 45 *L. Ed.* 60.

The admissions of the defendant respecting the sales of its stock in the same locality as the complainant sells its stock, entitles the complainant to a preliminary injunction like the restraining order.

But I am not sufficiently convinced at this time that the defendant should be enjoined from buying, developing or selling oil producing property, or refining or selling oil. The likelihood of deception and the probabilities of confusion between the two corporations arising from similarity of names is the moving element in such cases, and the basis of the relief. I am not now reasonably satisfied that that element has existed, or will exist, and should not now by order practically terminate the business activity of the defendant company.

Let an order be entered accordingly.