DRUGS CONSOLIDATED, INC., a corporation of the State of Delaware,

*vs.*

DRUG INCORPORATED, a corporation of the State of Delaware.

*New Castle, Jan.* 12, 1929.

*Harry K. Hoch* and *George E. Edelin*, of Washington, D. C., for complainant.

*William G. Mahaffy* and *Edward S. Rogers*, of Chicago, Ill., for defendant.

THE CHANCELLOR. The defendant makes the contention that a corporation is not entitled to be protected in its corporate name unless the name has been actually used in business so as to have acquired such a meaning that its appropriation by another will result in a diversion of trade or credit. In support of this contention the case is cited of *Blackwell's Durham Tobacco Co. v. American Tobacco Co.*, 145 *N. C.* 367, 59 *S. E.* 123. That case

was decided on demurrer. The plaintiff in its complaint failed to show that it was in the exercise of its corporate rights or was engaged in the business for which it was incorporated at the time the defendant committed the alleged wrong of engaging in the same business under the same corporate name as the complainant's. The two corporations were creatures of different states in that case and there appears to have been no statute involved similar to the Delaware statute relied on in this case, hereinafter referred to. The North Carolina case, therefore, was decided in the light of those general principles of equity which the court conceived to govern in trade-name cases.

If an existing corporation is in fact engaged in the business for the conducting of which it was incorporated, it seems to be settled as a general proposition that it is entitled to be protected, even in the absence of statute, in the enjoyment of its corporate name against an unfair use or simulation thereof by another corporation if such use or simulation is misleading and calculated to injure the former's business. *Armington and Sims v. Palmer*, 21 *R. I.* 109, 42 *A.* 308, 43 *L. R. A.* 95, 79 *Am. St. Rep.* 786; *Glucose Sugar Refining Co. v. American Glucose Sugar Refining Co.*, (*N. J. Ch.*) 56 *A.* 861; *Nesne, et al., v. Sundet, et al,.* 93 *Minn.* 299, 101 *N. W.* 490, 106 *Am. St. Rep.* 439, 3 *Ann. Cas.* 30. This principle was given substantial recognition by this court in *Liberty Life Assurance Society v. Heralds of Liberty of Delaware, Inc.*, 15 *Del. Ch.* 369, 138 *A.* 634, where the defendant was denied the right to use for its corporate designation the name under which the complainant was formerly incorporated and by which it had since continued to be known.

The defendant contends however that inasmuch as the complainant has not as yet actually engaged in the business for which it was incorporated and therefore has no trade susceptible of being injured, the relief sought should be denied. It is unnecessary to enter upon a discussion of this contention, for the reason that the general act under which the complainant and defendant were created in terms provides that a corporation in the selection of its name shall choose one that "shall be such as to distinguish it from any other corporation engaged in the same business, or promoting or carrying on the same objects or purposes in this

State." *Revised Code* 1915, § 1919. The affidavits show that the complainant, which is the senior corporation, though not as yet actually engaged in the business of manufacturing and marketing drugs, has nevertheless been engaged in promoting the objects and purposes of its incorporation, objects and purposes which the defendant is at least authorized by its charter to promote and carry on. It certainly cannot be the intention of the act to require a corporation created under it to become engaged in its corporate business in a material and physical sense, as a prerequisite to the undisturbed enjoyment of the protection of its corporate name which the statute affords. It would seem rather to be more consonant with rational and practical interpretation to say that as soon as the corporate existence is brought into being and as long as it continues, the right assured by the statute to have the corporate name distinguished from other corporations of like kind subsequently created is free from encroachment. The statute thus removes the necessity of showing actual use in business of the name, a use which many cases dealing with the general law of unfair competition require as a prerequisite to relief in trade-name and trade-mark controversies.

We are, therefore, to look upon the statutory provision as one that is more extensive in its application than is the general law which deals with trade-marks and trade-names. *Diamond Drill Contracting Co. v. International Diamond Drill Contracting Co.*, 106 *Wash.* 72, 179 *P.* 120.

Under the law of trade-marks and trade-names, it is true that no one may acquire the exclusive right to use a name which has been in use by others before him; neither can he appropriate to himself the exclusive use of a name commonly descriptive of a business or a commodity. It is also the law that geographical terms cannot generally be appropriated in trade as the peculiar property of an individual. These are well established propositions, but they are subject of course to an exception in favor of those particular cases where the attribution of a secondary meaning to the name has been considered as creating a special equity in favor of its protection. Many cases are cited by the defendant to the effect that if a name is such that the general law applicable to unfair competition will not recognize it as the subject of exclu-

sive proprietorship, it cannot be made to acquire the quality of exclusiveness by merely embodying it in a corporate title. Among such cases, citing only a few, are the following: *Title & Mortgage Guarantee Co. v. Louisiana Abstract & Title Guarantee Co.*, 143 *La.* 900, 79 *So.* 529; *Hygeia Water Ice Co. v. N. Y. Hygeia Ice Co., Ltd.*, 140 *N. Y.* 94, 35 *N. E.* 417; *Driverless Car Co. v. Glessner-Thornberry Driverless Car Co.*, 83 *Colo.* 262, 264 *P.* 653; *Elgin Butter Co. v. Elgin Creamery Co.*, 155 *Ill.* 127, 40 *N. E.* 616; *Eastern Construction Co., Inc., v. Eastern Engineering Corp.*, 246 *N. Y.* 460, 159 *N. E.* 397. That the rule expressed by these cases is the law cannot be doubted. The particular application of it to the instant case denies to the complainant any exclusive right to use the name "drug" in its corporate title. While, however, the defendant as well as others may use a corporate name with impunity which includes the word "drug" as descriptive of the nature of its business, it cannot do so, in view of our statute, unless something else appears in its corporate title which will serve to distinguish it from the complainant. *Diamond Drill Contracting Co. v. International Diamond Drill Contracting Co., supra; Corning Glass Works v. Corning Cut Glass Co.*, 197 *N. Y.* 173, 90 *N. E.* 449; *Jordan Sulphur Springs & Mud Bath Sanitarium v. Mudbaden Sulphur Springs Co., et al.*, 135 *Minn.* 123, 160 *N. W.* 252; *Elgin Butter Co. v. Elgin Creamery Co. et al.*, 155 *Ill.* 127, 40 *N. E.* 616; *Matter of U. S. Mortgage Co.*, 83 *Hun*, 572, 32 *N. Y. S.* 11.

The only question therefore with which the court should concern itself in this case is whether or not the name of the defendant is sufficiently distinguishable from that of the complainant to satisfy the statute. The action of the Secretary of State in accepting and filing the defendant's certificate is not conclusive upon the question. While it was not so ruled in *Oklahoma Producing & Refining Co. v. Oklahoma Consolidated Producing & Refining Co.*, 12 *Del. Ch.* 62, 106 *A.* 38, yet this court proceeded in that case on the assumption that the action of the Secretary of State in accepting and filing a certificate was not conclusive upon the question of distinguishableness of the corporate names; and the same observation may be made with respect to the case of *Philadelphia Trust, Safe Deposit & Insurance Co. v. Philadel-*

*phia Trust Co.*, 123 *F.* 534, decided by Judge Bradford in the Circuit Court of the United States for the District of Delaware. In the following cases, however, the point was expressly decided in favor of a judicial review and determination of the question of distinguishableness in corporate names: *Diamond Drill, etc., Co. v. International Diamond Drill, etc., Co., supra; Knights of the Maccabees of the World v. Searle, et al.,* 75 *Neb.* 285, 106 *N. W.* 449; *People ex rel. Columbia Chemical Co. v. O'Brien,* 101 *App. Div.* 296, 91 *N. Y. S.* 649.

Are, then, the two names distinguishable? Upon this question, authorities, as has been frequently remarked by the courts, are of little help, so varied are the facts and circumstances surrounding each case. The existence of a wrongful intent in the choice of a junior name to injure the complainant is admitted in unfair competition cases as an element affecting the degree of strictness with which in many of them the courts will view the continued use by the defendant of its self-chosen name. That element, however, can play no part here for two reasons. In the first place, there is no showing of fact upon which to raise a suggestion that the defendant in choosing its name did so with a wrongful intent. In the second place, the requirement of the statute is absolute in terms and in purpose. The mere "likelihood of deception and the probabilities of confusion between the two corporations arising from similarity of names" was said by the Chancellor to be the moving element in such cases, in *Oklahoma Producing & Refining Co. v. Oklahoma Consolidated Producing & Refining Co., supra.* This element is in no wise contingent upon the existence of a wrongful intent.

Examining these two names, I am confined to a mere inspection and pronouncing of them for a discovery of their distinguishableness, because there is no evidence showing by actual experience that the public will be misled by similarity into confusing the two. There are affidavits filed which set forth that certain persons have refused to carry to a conclusion certain negotiations with the complainant looking to the sale of its stock and to the forming of contracts with it, for fear that the complainant might be confused in identity with the defendant. Such affidavits in substance express nothing more at best than the opinion of the

affiants that the confusion would in fact arise and they cannot therefore be accepted as of weight.

In this jurisdiction only two cases are reported wherein a question of the instant kind has been presented. They are *Philadelphia Trust, Safe Deposit & Insurance Co. v. Philadelphia Trust Co., supra,* and the *Oklahoma Producing & Refining Co. Case, supra.* In the former case, the defendant's name was an exact imitation of the name by which the complainant was familiarly known. After holding that the application of the statute was not restricted to protection of the mere legal name of the complaining corporation but as well to the name by which it was commonly known, it was as plain as could be that the court should have ordered the injunction as it did. In the latter case, the only difference between the two corporate names consisted in this—that the word "Consolidated" was present in the defendant's name but absent in the complainant's. The Chancellor thought there was enough of similarity to justify the issuance of a preliminary injunction. It is to be observed however that he restricted the breadth of the injunction's operation so as not to terminate the defendant's business activity at that stage of the case. It is apparent from his opinion that, notwithstanding the similarity of names, he could not be satisfied, short of final hearing, to say that the provision of the statute had been violated.

In passing upon questions of this kind some courts have refused to pay too meticulous a regard to the possible confusion that might be occasioned by similarity of names in the minds of ignorant or careless people. "Courts of equity," says the Court of Appeals in *Hygeia Water Ice Co. v. N. Y. Hygeia Ice Co., Ltd.,* 140 *N. Y.* 94, 35 *N. E.* 417, "must * * * assume that the public will use reasonable intelligence and discrimination with reference to the names of corporations with which they are dealing or intend to deal, the same as in cases of individuals bearing the same or similar names."

"Drugs Consolidated, Inc.," upon the mere pronouncing of it, as well as from the looks of it to the eye when printed, seems to me to be sufficiently different from "Drug Incorporated" as to warrant the view that they are reasonably distinguishable. Only

a careless—I was about to say very careless—person would be confused by them.

There being no evidence before me showing confusion in fact, as was the case in many of the cases cited by the solicitors for the complainants, I conclude for the reasons above given that the preliminary injunction should be denied.

Let an order be prepared accordingly.